# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　　Plaintiff-Appellee,<br>v.<br>LETICIA HUIZAR-MUNOZ,<br>　　　　　　Defendant-Appellant. | Case No.: 18-mj-22946-MSB-H-1<br><br>**ORDER AFFIRMING MAGISTRATE JUDGE CONVICTION AND JUDGMENT** |

On December 14, 2018, Defendant Leticia Huizar-Munoz filed a notice of appeal to the district court. (Doc. No. 15.) The appeal is timely, and the Court has jurisdiction over the appeal pursuant to 18 U.S.C. § 3402.

## Background

On November 23, 2018, Defendant was arrested approximately one mile north of the United States/Mexico border and twenty miles east of the Tecate, California, Port of Entry. (Doc. No. 1 at 2.) Defendant stated that she is a citizen of Mexico without immigration documents that would allow her to enter or remain in the United States legally. (Id.)

On November 26, 2018, the Government filed a criminal complaint charging Defendant with being "an alien, [who] did knowingly elude examination and inspection by

Immigration Officers, a misdemeanor; in violation of Title 8, United States Code, Section 1325(a)(2)." (Doc. No. 1.)

On November 26, 2018, at Defendant's initial appearance hearing, Defendant's counsel objected to the proceedings on the basis that they violated the Equal Protection and Due Process Clauses of the United States Constitution. (Doc. No. 22 at 2.) On December 6, 2018, Defendant appeared before the Magistrate Judge and entered a plea of guilty to the single count for violation of 8 U.S.C. § 1325(a)(2) in the complaint. (Doc. No. 9.) The Magistrate Judge accepted Defendant's guilty plea and subsequently sentenced Defendant to time served. (Doc. No. 23 at 11-12; Doc. Nos. 9, 11.)

The Magistrate Judge entered a final judgment on December 6, 2018. (Doc. No. 11.) On December 14, 2018, Defendant filed a timely notice of appeal. (Doc. No. 15.) See Fed. R. Crim. P. 58(g)(2)(B) (setting forth a 14-day deadline for filing an appeal from a magistrate judge's judgment of conviction).

## Discussion

"In all cases of conviction by a United States magistrate judge an appeal of right shall lie from the judgment of the magistrate judge to a judge of the district court of the district in which the offense was committed." 18 U.S.C. § 3402. Federal Rule of Criminal Procedure 58(g)(2)(B) provides: "[a] defendant may appeal a magistrate judge's judgment of conviction or sentence to a district judge within 14 days of its entry." Fed. R. Crim. P. 58(g)(2)(B).

On appeal, Defendant raises three challenges to her conviction for violation of 8 U.S.C. § 1325(a)(2). First, Defendant argues that 8 U.S.C. § 1325(a) is facially unconstitutional under the Supreme Court's decision in Sessions v. Morales-Santana, 137 S. Ct. 1678 (2017). (Doc. No. 24 at 1, 4-9.) Second, Defendant argues that her criminal proceedings violated the Equal Protection Clause and the Due Process Clause of the United States Constitution. (Id. at 1, 9-19.) Third, Defendant argues that there was an insufficient factual basis for her guilty plea under Rule 11. (Id. at 1, 19-22.) The Court addresses each of these challenges in turn below.

## I. Defendant's Facial Challenge to the Constitutionality of 8 U.S.C. § 1325(a)

Defendant argues that the Court should vacate her conviction for violation of 8 U.S.C. § 1325(a)(2) because § 1325 is facially unconstitutional under the Equal Protection Clause in light of the Supreme Court's recent decision in Sessions v. Morales-Santana, 137 S. Ct. 1678 (2017). (Doc. No. 24 at 1, 4-9.) The constitutionality of a statute is a question of law that is reviewed de novo. United States v. Dowai, 839 F.3d 877, 879 (9th Cir. 2016); United States v. Younger, 398 F.3d 1179, 1192 (9th Cir. 2005).

Here, Defendant raises a facial challenge to the constitutionality of 8 U.S.C. § 1325. (Doc. No. 24 at 4.) The Supreme Court has explained that "a plaintiff can only succeed in a facial challenge by 'establish[ing] that no set of circumstances exists under which the Act would be valid,' i.e., that the law is unconstitutional in all of its applications." Washington State Grange v. Washington State Republican Party, 552 U.S. 442, 449 (2008) (quoting United States v. Salerno, 481 U.S. 739, 745 (1987)). "[A] facial challenge must fail where the statute has a plainly legitimate sweep." Id. (internal quotation marks omitted). "In determining whether a law is facially invalid, [a court] must be careful not to go beyond the statute's facial requirements and speculate about 'hypothetical' or 'imaginary' cases." Id. at 449–50.

Title 8, United States Code, Section 1325(a) provides that: "Any alien who . . . (2) eludes examination or inspection by immigration officers, . . . , shall, for the first commission of any such offense, be fined under Title 18 or imprisoned not more than 6 months, or both . . . ." 8 U.S.C. § 1325(a)(2). Title 8, United States Code, Section 1101(a)(3) defines the term "alien" and provides that: "The term 'alien' means any person not a citizen or national of the United States." 8 U.S.C. § 1101(a)(3).

In Morales-Santana, the Supreme Court held that the gender-based distinctions for derivative citizenship set forth in 8 U.S.C. §§ 1401(a)(7) and 1409(a) and (c) violate the Equal Protection Clause and, therefore, are unconstitutional. 137 S. Ct. at 1698, 1700–01 ("The gender-based distinction infecting §§ 1401(a)(7) and 1409(a) and (c), we hold, violates the equal protection principle."). Derivative citizenship is the "acquisition of U.S.

citizenship by a child born abroad, when one parent is a U.S. citizen, the other, a citizen of another nation." Id. at 1686.

Defendant argues that because a conviction under § 1325 requires that the government prove that the defendant is "not a citizen or national," the Supreme Court's holding in Morales-Santana renders § 1325 facially unconstitutional. (Doc. No. 19 at 5-13.) The Court disagrees.

In order to succeed with her facial challenge to the constitutionality of § 1325, Defendant must establish that no set of circumstances exists under which the statute would be valid, i.e., the law is unconstitutional in all of its applications. See Washington State Grange, 552 U.S. at 449. Defendant is unable to meet this burden because "[t]he severability clause in the Immigration and Nationality Act ('INA') dictates that the remainder of 8 U.S.C. §§ 1401 and 1409 was not affected by Morales-Santana." United States v. Duffy, 752 F. App'x 532, 533 (9th Cir. 2019) (citing 8 U.S.C. § 1101 note ("If any provision of this title . . . is held invalid, the remainder of the title . . . shall not be affected thereby.")); accord United States v. Madero-Diaz, 752 F. App'x 537, 538 (9th Cir. 2019). Thus, Defendant could properly be convicted under 8 U.S.C. § 1325, which incorporates the definitions of "alien" and "citizen" that were not affect by Morales-Santana. See id. In sum, Defendant has failed to establish that 8 U.S.C. § 1325 is unconstitutional. See Duffy, 752 F. App'x at 533 (rejecting challenge to the constitutionality of 8 U.S.C. § 1326 based on the Supreme Court's decision in Morales-Santana); Madero-Diaz, 752 F. App'x at 538 (same); United States v. Ayun-Flores, No. 16CR1115-BEN, 2017 WL 4391701, at *1 (S.D. Cal. Oct. 2, 2017) (same).

**II. Defendant's Equal Protection and Due Process Claims**

Defendant argues that her conviction should be vacated because her criminal proceedings violated the Equal Protection Clause and the Due Process Clause of the United States Constitution. (Doc. No. 23 at 1, 9-19.) Specifically, Defendant argues that her criminal proceedings violated her equal protection and due process rights because criminal defendants charged with violating 8 U.S.C. § 1325 are not prosecuted through the Central

Violations Bureau ("CVB") court. (Id. at 9-19.) Constitutional issues are reviewed *de novo* on appeal. United States v. Kuchinski, 469 F.3d 853, 857 (9th Cir. 2006); see United States v. Vongxay, 594 F.3d 1111, 1114 (9th Cir. 2010).

Defendant asserts that the Government's failure to prosecute her in CVB court violates her equal protection rights because Defendant and others charged with violating 8 U.S.C. § 1325(a)(2) are, by definition, set apart on the basis on their alienage and national origin. (Doc. No. 24 at 17.) The Ninth Circuit has explained: "However, there is a distinction between statutes which classify based on alienage and statutes which classify based on criminal actions. Given Congress' plenary power over immigration, imposing different rules on immigrants versus citizens does not in itself create a suspect classification." United States v. Mendoza-Hinojosa, 216 F.3d 1085, at *2 (9th Cir. 2000) (citing Fiallo v. Bell, 430 U.S. 787, 792 (1977)). Here, the statute at issue, 8 U.S.C. § 1325(a)(2), prohibits "[a]ny alien" from "elud[ing] examination or inspection by immigration officers." The statute creates a classification based upon specific criminal action, "elud[ing] examination or inspection by immigration officers," and not alienage. See United States v. Mazariegos-Ramirez, No. 18MJ22276-WQH, 2019 WL 338923, at *2 (S.D. Cal. Jan. 28, 2019) ("[8 U.S.C. § 1325(a)(2)] creates a classification based upon criminal action and not alienage."). Thus, the statute does not create a suspect classification.

"Non-suspect classifications are 'constitutionally valid if there is a plausible policy reason for the classification, the legislative facts on which the classification is apparently based rationally may have been considered to be true by the governmental decisionmaker, and the relationship of the classification to its goal is not so attenuated as to render the distinction arbitrary or irrational.'" Allied Concrete & Supply Co. v. Baker, 904 F.3d 1053, 1060 (9th Cir. 2018). "'Further, because the classification is presumed constitutional, the burden is on the [party] attacking the legislative arrangement to negative every conceivable basis which might support it.'" Id. at 1060-61. Here, Defendant has failed to negate every conceivable basis to support prosecuting her for violation of § 1325(a)(2) in the district

court rather than the CVB court. First, the CVB is charged with processing violation notices (tickets) issued for petty offenses committed on federal property. Defendant does not assert that her offense occurred on federal property, and there is nothing in the record showing that the offense occurred on federal property. Second, in order to receive a CVB violation notice, a defendant must provide the issuing officer with a U.S. mailing address. (See Doc. No. 24 at 10.) There is nothing in the record showing that Defendant possesses a U.S. mailing address. Third, prosecuting § 1325(a)(2) defendants in the district court conserves judicial resources. See United States v. Ramirez-Ortiz, No. 3:19-CR-00300-BTM, 2019 WL 950332, at *1 (S.D. Cal. Feb. 27, 2019) ("Misdemeanor § 1325 cases are handled together rather than on the CVB calendar because it makes 'organizational sense' given the volume of § 1325 cases and divergent jurisdictional underpinnings of CVB court."); see also Bankers Life & Cas. Co. v. Crenshaw, 486 U.S. 71, 82 (1988) (recognizing the conservation of judicial resources as a legitimate government interest). As a result, Defendant's equal protection claim fails.

Defendant also asserts that the Government's failure to prosecute her in CVB court violates her substantive and procedural due process rights. (Doc. No. 24 at 18-19.) The Court rejects this argument. "'[S]ubstantive due process' prevents the government from engaging in conduct that 'shocks the conscience' or interferes with rights 'implicit in the concept of ordered liberty.'" United States v. Salerno, 481 U.S. 739, 746 (1987) (citations omitted). Thus, in order to establish a violation of substantive due process, a claimant must show that the "the behavior of the governmental officer is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." Cty. of Sacramento v. Lewis, 523 U.S. 833, 847 (1998); see Rochin v. California, 342 U.S. 165, 172–73 (1952). "[This] 'shock the conscience' standard erects a high hurdle for would-be claimants." Aguilar v. U.S. Immigration & Customs Enf't Div. of Dep't of Homeland Sec., 510 F.3d 1, 21 (1st Cir. 2007); accord Ms. L. v. U.S Immigration & Customs Enf't, 302 F. Supp. 3d 1149, 1166 (S.D. Cal. 2018). Prosecution for violation of 8 U.S.C. § 1325(a)(2) in the district court rather than in the CVB court falls well short of "shocking the contemporary

conscience," and, thus, Defendant's substantive due process claim fails.

Defendant's procedural due process claim also fails. "A procedural due process claim has two elements." Franceschi v. Yee, 887 F.3d 927, 935 (9th Cir. 2018). The claimant must demonstrate: "'(1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections.'" Id. Here, Defendant fails to explain how she was denied adequate procedural protections. Defendant's proceedings were conducted in accordance with the Federal Rules of Criminal Procedure, and Defendant does not contend that any aspect of her criminal proceedings violated those procedural rules. As a result, Defendant's procedural due process claim fails.

In sum, Defendant has failed to show that her conviction for violation of 8 U.S.C. § 1325(a)(2) violated the Equal Protection Clause or the Due Process Clause of the United States Constitution. See Mazariegos-Ramirez, 2019 WL 338923, at *2 (holding that the defendant's prosecution for violation of 8 U.S.C. § 1325(a)(2) in the district court rather than in CVB court "does not the violate the Equal Protection Clause or the Due Process Clause of the United States Constitution"); Ramirez-Ortiz, 2019 WL 950332, at *1-2 (holding the same).

**III. Factual Basis for Conviction**

Finally, Defendant argues that the Magistrate Judge erred by accepting her guilty plea because there was an insufficient factual basis for the plea. (Doc. No. 24 at 19-22.) Specifically, Defendant argues that in order to prove a violation of § 1325(a)(2), the government must prove that the defendant either: (1) snuck by the examination process at a port entry; or snuck by an immigration officer who was present at a point of entry outside a port. (Id. at 19.) Defendant argues that the government failed to establish either of these necessary facts, and, thus, her factual basis was insufficient. (Id.)

Federal Rule of Criminal Procedure 11(b)(3) provides that: "Before entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." "To satisfy this requirement, [t]he judge must determine that the conduct which the

defendant admits constitutes the offense charged in the indictment or information or an offense included therein to which the defendant has pleaded guilty." United States v. Jones, 472 F.3d 1136, 1140 (9th Cir. 2007) (internal quotation marks omitted).

Title 8, United States Code, Section 1325(a) provides that: "Any alien who . . . (2) eludes examination or inspection by immigration officers, . . . , shall, for the first commission of any such offense, be fined under Title 18 or imprisoned not more than 6 months, or both . . . ." 8 U.S.C. § 1325(a)(2). The Ninth Circuit has explained that a defendant eludes inspection under § 1325(a)(2) when he gains entry into the United States through an unlawful point and does not submit to examination at the time of the entry. United States v. Rincon-Jimenez, 595 F.2d 1192, 1193–94 (9th Cir. 1979).

In present case, defense counsel provided the following factual basis for Defendant's guilty plea: "On or about November 23rd of 2018, Ms. Huizar was a citizen of Mexico and not a citizen of the United States. She eluded inspection when she crossed the border approximately 20 miles east of the Tecate Port of Entry. After crossing the border, she was apprehended approximately one mile north of the international boundary, and that is within the Southern District of California." (Doc. No. 23 at 8.) Defendant argues that the mere fact that she was trying to avoid inspection by entering at a non-designated port of entry is insufficient to provide a factual basis for violation of § 1325(a)(2). (Doc. No. 24 at 20.) Defendant is incorrect.

Under Ninth Circuit precedent, a defendant eludes inspection under § 1325(a)(2) when she gains entry into the United States through an unlawful point and does not submit to examination at the time of the entry. Rincon-Jimenez, 595 F.2d 1192, 1193–94 (9th Cir. 1979) (finding that the defendant "eluded" inspection "by traversing the beach between Tijuana and San Ysidro late at night" and by not entering "at an officially designated border checkpoint"). Thus, the factual basis provided in support of Defendant's guilty plea, which included the fact that Defendant entered the United States at a non-designated place, was sufficient. See United States v. Sierra-Chavez, No. 18MJ3585 WQH, 2018 WL 3993368, at *3 (S.D. Cal. Aug. 21, 2018) ("Defendant's admission that he eluded examination by

entering the United States at a time and place other than as designated by immigration officers is sufficient evidence to support the conclusion that he was guilty of the offense of eluding examination or inspection by an immigration officer."); United States v. Choy-Timana, No. 18MJ3200 AJB, 2018 WL 4092125, at *3 (S.D. Cal. Aug. 28, 2018) ("Defendant's admission that he crossed the international border intentionally somewhere near the Tecate Port of Entry is sufficient evidence to support the conclusion that he was guilty of the offense of eluding examination or inspection by an immigration officer."); United States v. Castro-Bernal, No. 18-MJ-3274 WVG DMS, 2018 WL 4292984, at *2 (S.D. Cal. Sept. 10, 2018). As such, Defendant has failed to establish that the Magistrate Judge erred in accepting her guilty plea.

## Conclusion

For the reasons above, the Court denies Defendant's appeal and affirms Defendant's conviction and judgment.

**IT IS SO ORDERED.**

DATED: April 24, 2019

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT